Gordon Forster Lawson
10 W. Marvin Avenue
Linwood, NJ, 08211
609-517-5800
gordon@gordonlawson.com
Plaintiff



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

--------------------------------------------------------------x

GORDON FORSTER LAWSON,

                Plaintiff,

vs.

MERSCORP HOLDINGS, INC.; MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC.;

DEUTSCHE BANK AKTIENGESELLSCHAFT;

DEUTSCH BANK NATIONAL TRUST

COMPANY (as Trustee); IMPAC FUND-

ING CORPORATION; IMPAC SECURED

ASSETS CORPORATION, MORTGAGE

PASS-THROUGH CERTIFICATES,

SERIES 2006-4; BANK OF AMERICA,

N.A. (manager of BAC GP, LLC.) & BAC

HOME LOANS, LP.; KIMBERLY

DAWSON AND KERI SELMAN c/o BANK

OF AMERICA, N.A. OF BAC GP, LLC. &

Case No.: 1-18-cv-640

JURY TRIAL YES

**AMENDED
COMPLAINT**

1

BAC HOME LOANS SERVICING, LP.;

STERN LAVINTHAL &FRANKENBERG, LLC.

f/k/a STERN, LAVINTHAL, FRANKENBERG &

NORGAARD, LLC., FRENKEL LAMBERT

WEISS WEISMAN & GORDON, LLP.,

Defendants.

----------------------------------------------------------------x

**The Parties in the Complaint**

A. **Plaintiff**: Gordon Forster Lawson, residing at 10 W. Marvin Avenue, Linwood, New Jersey, 08211, Atlantic County, 609-517-5800

B. **Defendant 1**: MERSCORP Holdings, Inc., 1818 Library Street, Suite 300, Reston, Virginia, 20190, Fairfax County, 800-646-6377

C. **Defendant 2**: Mortgage Electronic Registration System, Inc., 1818 Library Street, Suite 300, Reston, Virginia, 20190, Fairfax County, 888-679-6377

D. **Defendant 3**: Deutsche Bank Aktiengesellschaft (Corporate Headquarters), Taunusanlage 12, Frankfurt, Germany, 60325, 011-49-69910-00

E. **Defendant 4**: Deutsche Bank National Trust Company, 1761East Saint Andrew Place, Santa Ana, California, Orange County, 92705, 714-247-6000

F. **Defendant 5**: IMPAC Funding Corporation, 19500 Jamboree Road, Irvine, California, 92612, Orange County, 800-597-4101

G. **Defendant 6**: IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2006-4, 1401 Dove Street, Suite 200, Newport Beach, California, 92660, Orange County, 949-475-3700

H. **Defendant 7**: Bank of America, N.A. (manager of BAC GP, LLC.) and BAC Home Loans Servicing, LP., 100 North Tryon Street, Charlotte, North Carolina, 28202, Mecklenburg County, 980-335-3561

I. **Defendant 8**: Kimberly Dawson (robo signer) c/o Bank of America, N.A. (manager of BAC GP, LLC.) and BAC Home Loans Servicing, LP., 100 North Tryon Street, Charlotte, North Carolina, 28202, Mecklenburg County, 980-335-3561

J. **Defendant 9**: Keri Selman (robo signer) c/o Bank of America, N.A. (manager of BAC GP, LLC.) and BAC Home Loans Servicing, LP., 100 North Tryon Street, Charlotte, North Carolina, 28202, Mecklenburg County, 980-335-3561

K. **Defendant 10**: Stern Lavinthal & Frankenberg, LLC. formerly known as (f/k/a) Stern Lavinthal Frankenberg & Norgaard, LLC., 105 Eisenhower Parkway, Suite 302, Roseland, New Jersey, 07068, Essex County, 973-797-1100

L. **Defendant 11**: Frenkel Lambert Weiss Weisman & Gordon, LLP., 80 Main Street, Suite 460, West Orange, New Jersey, 07052 Essex County, 973-325-8800

## *Jurisdiction and Venue*

1. The basis of this suit is referenced in 28 U.S.C. paragraph 1332 and 1331, in which one citizens of one state is suing citizens of various states. This suit is not a Removal Action. Moreover, this matter is a Federal Question Case, 28 U.S.C. paragraph 1331 and under the Statute of the False Claims Act, 31 U.S.C. paragraph 3729 because Deutsche Bank National Trust Company as trustee under the Pooling and Servicing Agreement relating to IMPAC Secured Assets Corporation and its trust Mortgage Pass-Through Certificates, Series 2006-4 failed to verify, supervise or control the operations of the Depositor, Servicer and

further, prevent the deposit of an asset that does not qualify the criteria of Rule 2.1 of the PSA, failed also in giving correct true statements to the Internal Revenue Services (IRS), regarding the defective asset in the account or on hold within the trust for more than 10 years without paying any taxes to the US Government.

2. Furthermore, employees, signers and notaries in big scale violated Title 18 U.S.C. Chapter 25, 18 U.S.C. paragraph 473, because of the unauthorized execution and signatures of transfer and other instruments. In this matter the Assignment Instrument is Null and Void ab initio because the two signers specifically Ms. Kimberly Dawson had no authority to sign instruments for MERS, Inc. or MERSCORP Holdings, Inc. The Individuals under Bank of America, N.A. supervision maintained a "Document Factory", where they signed or executed without verifications or personal knowledge monthly 8000 + instruments (robo signing). Moreover, Ms. Kimberly Dawson knew or must have known that she was not named on or about February 26, 2009 on the MERS Corporate Resolution and therefore, had no "Power of Attorney" from MERS, Inc. and MERSCORP Holdings, Inc. to sign and execute documents.

3. Venue is appropriate in this judicial district, pursuant to 28 U.S.C. paragraph 1391, because this court has personal jurisdiction over Defendants and by reason of the fact that, among other things, this is a judicial district in which the Defendant MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS) resides and had the corporate obligations to properly supervise their employees, members, officers of MERS of the executions of documents.

4. Additionally, Defendants violated state as well as federal laws as noted in the Truth and Lending Act (TILA) paragraph 1638 (a) by overcharging plaintiff for title insurance and failing to include the overcharge on their HUD-1 Disclosure Statements "finance charge", thereby entitling plaintiff to statutory recoupment of

damages and cost pursuant to 15 U.S.C. paragraph 1640. Furthermore, Defendant's Loan Disclosure violations extended to abuse of the, Gramm-Leach Billy Act, which is specifically designed to protect personal financial information and prevent identity theft, adding their deceptive practices. Additional violations of the Truth-In-Lending Act (TILA) 1968. This Statute is contained in Title I of the Consumer Credit Protection Act, as amended pursuant to 15 U.S.C. paragraph 1601 et seq. The regulations implementing the statute, which are known as "Regulation Z", are codified at 12 C.F.R. Part 226; Home Ownership and Equity Protection Act (HOEPA) of 1994 which addresses deceptive and unfair practices in home equity lending, as the rules contained in Section 32 Regulation Z, and, Real Estate Settlement Procedures Act (RESPA) passed by Congress in 1974, codified in Title 12, Chapter 27 of the United States Code 12 U.S.C. paragraph 2601 – 2617. All Defendant knew or must have known that pursuant to mortgage loan records indicated, that above named violations were committed, especially using "Document Factories" to draw, sign, notarize instruments with individuals that had no authorization from MERS, Inc. and/or Merscorp, Inc. to execute sign as a Officer of MERS, Inc

5. This Action is a separate action under the Fraud and False Claim Statute. It is not intended to relitigate pending state and bankruptcy actions, therefore the Rooker Feldman doctrine does not apply neither for 18 U.S.C. Chapter 25; 18 U.S.C. paragraph 473; 31 U.S.C. paragraph 3729 or 15 U.S.C. Paragraph 1601 et seq.

## *Introduction and Facts*

6. The above named Plaintiffs are specifically the types of people that the federal government's foreclosure prevention program was intended to help. All had good jobs, the majority became unemployed during the financial crisis,

some were stricken with illness, victims of accidents or were parties in a divorce. All became unable to meet their mortgage payments because of the aforementioned and difficulty, in some cases, from their inability to collect rents from their tenants (a majority) as a result of hardships related to the financial crisis.

All of the above, the Plaintiffs signed Mortgage Contract documents that were, presumably created by Fannie Mae/Freddie Mac, which were universally

used and were the industry standard.

7. A closer review of these documents reveals that they were **modified** from the original Fannie Mae/Freddie Mac version, wherein, an additional party of interest was added to the Original Lender, as an Additional Mortgagee, namely MERS with an address in Flint Michigan. The altered versions verbiage is as follows:" Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that Borrower is the mortgagor under this Security Instrument (C) "MERS" is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the Mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box2026, Flint, MI 48501-2026, tel. (888)-679-MERS".

8. In contradiction, the original Fannie Mae/Freddie Mac version as follows:

"(C) Lender is _____. Lender is a._____organized and existing under the laws of _____. Lender's address is_____
Lender is the mortgagee under this Security Instrument."

All Fannie Mae/Freddie Mac Forms, from and for the States of Alabama to the state of Washington, used Forms 3001 through 3051, a representation of the original version, without any concealments regarding contractual changes or add-on's and show, correctly, that <u>only one</u> Lender exists.

By reviewing the version in which MERS becomes an Additional

Party of Interest in the loan, property and contract, the authors of these instruments deliberately added a second Lender to the Mortgage Security Contract, knowing all well, there cannot be two Lenders on the same loan. Further, they knew or must have known ti-tat the Mortgagee is the Lender and by definition, including legal, the Mortgagee and the Lender are the same. Millions of American borrowers were tricked and thereby defrauded by the concealment of the altered verbiage, resulting in nightmares regarding the necessity for borrowers, in a foreclosure or sale, to have a clean clear Title, from the Originator to the actual holder of the Note and Mortgage (in most cases the Original Note was lost or destroyed). Investigations revealed that the real reason for having MERS as a Mortgagee or Payee was to facilitate a return conduit for an investor. The Loss Payee/Mortgagee functioned as a receiver, Beneficiary for **Insurance Payouts** for non-performing mortgages. MERS, automatically, as the Mortgagee, became a **beneficiary** for any insurance payouts. Exposing the concealed, real function of MERS, was to become a Nominee for the Lender. However, the Lender never authorized MERS as it's nominee, because within the mortgage documents, the Borrower and executor of the Mortgage Instruments nominated MERS as a Nominee and Mortgagee, when in reality MERS should

have, according to contractual law, received their authority from the Lender, in order to become the Nominee.

"MERS as a Corporation is an entity that tracks mortgages for Lender members to create a National Mortgage Data Base for parties involved in mortgages", **However,** the entity never loaned money, therefore, it is not the Real Party of Interest in a Loan. Because of the shoddy concealment and document alterations of facts relating to the identity of the Mortgagee's, Lenders and Assignees and Nominees, all Plaintiffs have suffered damages by being illegally foreclosed upon, directly or indirectly, in the name of MERS as a Nominee, used, in order to transfer Notes and Mortgages from the Originator, to the actual holders of Notes and Mortgages, when in fact required documentation of the paperwork was missing, and **Robo-Signers** were used to authenticate and transfer the Notes and Mortgages. Greed and Expedience, using fraudulent methods to deprived borrowers of their right to Due Process.

9. Further, this is an action for putative and other damages created knowingly and intentionally by all Defendants to Plaintiff and Borrower, which on September 28, 2006 executed an Adjustable Rate Note and Mortgage in the amount of $ 631,400 in favor of Coast Mortgage Corporation, today a defunct corporation, which transferred the Adjustable Rate Note by virtue of an suspicious Allonge instrument to IMPAC Funding Corporation the **Master Servicer** for Trusts as IMPAC Secured Assets Corporation as the **Depositor** for the Mortgage Pass-Through Certificates, Series 2006-4 and Deutsche Bank National Trust Company as the **Trustee**. The Depositor pursuant to the Pooling and Servicing Agreement (PSA) dated November 1, 2006 had two choices to deposit the Asset (note, mortgage, assignments and other documents) into the trust account by an

Endorsement in "blank" or naming the name of the Endorsee. The Trust Closing Date was on November 16, 2006. The Depositor choose to issue an Endorsement in "blank", while the Mortgage was assigned by Kimberly Dawson (1st Vice President) and Keri Selman (Assistant Vice President) on February 26, 2009 to Deutsche Bank National Trust Company as Trustee under the Pooling and Servicing Agreement (PSA) to IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2006-4 by MERS, which was nominated as a nominee and mortgagee for the original lender pursuant to the mortgage contract. Reviews of this Assignment Instrument leads to robo signing and falsification of documents and notary violations. Reviews of the instrument indicates similarities with other executed documents and a Deposition of Renee D. Hertzler, a witness in a bankruptcy adversary action in the US Bankruptcy Court, District of Massachusetts Case No. 09-4122, in which the witness stated (Exhibit 2B) **[page 17, Line 3 to 9]**: **"Q.** The document that is marked as 2B, "Corporate Resolution," is the document you were just referring to? **A.** Yes. **Q.** And does Kimberly Dawson's name appear anywhere on that document? **A.** *No*." and **[page 16, Line 4 to 12]**: **"Q.** Are you prepared to testify today concerning her authority to execute this assignment? **A.** Yes. **Q.** And what is it you know about her authority (Kimberly Dawson) to execute the assignment? **A.** I know she has a resolution for MERS. **Q.** And what the does the resolution say? **A.** It indicates that she has the ability to act on their behalf."

10. Ms. Hertzler as Kimberly Dawson and Keri Selman and the notary Ms. Melissa Flanagan and others were working in a "Instrument Factory" and are employees of BAC Home Loans Services, LLC., a subsidiary and owned by Bank of America, N.A., which were executing Assignment Documents and other Instruments for the Banking Industry. The Statements of Ms. Hertzler indicates clearly, that Ms. Kimberly Dawson and Keri Selman had no "Power of Attorney" from MERS, Inc.

or MERSCORP Holdings, Inc. and therefore, acted maliciously and fraudulently with executing instruments for MERS, Inc. or MERSCORP, Inc.

11. Further, the notary, Ms. Melissa Flanagan acted also negligent by not be present at the time the signatures of Ms. Keri Selman and Ms. Kimberly Dawson was made or executed. In addition, the notary had its obligations to verify the signer's corporate titles and their authorizations to execute documents.

12. The PSA under II. 2.1 states clearly that: "

ARTICLE II

CONVEYANCE OF MORTGAGE LOANS; ORIGINAL ISSUANCE OF CERTIFICATES

Section 2.01.  Conveyance of Mortgage Loans.

The Depositor, **as of the Closing Date**, and concurrently with the execution and delivery hereof, does hereby assign, transfer, sell, set over and otherwise convey to the Trustee without recourse all the right, title and interest of the Depositor in and to the Mortgage Loans identified on the Mortgage Loan Schedule (exclusive of any late payment charges received thereon) and all other assets included or to be included in the Trust Fund for the benefit of the Certificateholders, including the amount to be deposited by or on behalf of the Depositor into the Net WAC Shortfall Reserve Fund. Such assignment includes all principal and interest received by the Master Servicer on or with respect to the Mortgage Loans (other than payment of principal and interest due on or before the Cut-off Date) November 2, 2006."

13. The PSA states also that: "

In connection with such transfer and assignment, the Depositor has caused the Sponsor to deliver to, and deposit with the Custodian, as described in the

Mortgage Loan Purchase Agreement, with respect to each Mortgage Loan, the following documents or instruments:

(i)  the original Mortgage Note endorsed without recourse, "Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement relating to Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4" with all intervening endorsements showing an unbroken chain of endorsements from the originator to the Person endorsing it to the Trustee or, with respect to any Mortgage Loan as to which the original Mortgage Note has been permanently lost or destroyed and has not been replaced, a Lost Note Affidavit;

(ii)  the original recorded Mortgage, noting the presence of the MIN of the Mortgage Loan and language indicating that the Mortgage Loan is a MOM Loan if the Mortgage Loan is a MOM Loan, with evidence of recording indicated thereon or, if the original Mortgage has not been returned from the public recording office, a copy of the Mortgage certified by the Sponsor or the public recording office in which such Mortgage has been recorded to be a true and complete copy of the original Mortgage submitted for recording;

(iii)  unless the Mortgage Loan is registered on the MERS® System, a duly executed original Assignment of the Mortgage, without recourse, in recordable form to Deutsche Bank National Trust Company, as trustee," or to "Deutsche Bank National Trust Company, as trustee for holders of Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4";

(iv) the original recorded Assignment or Assignments of the Mortgage showing an unbroken chain of assignment from the originator thereof to the Person assigning it to the Trustee (or to MERS, if the Mortgage Loan is registered on the MERS® System and noting the presence of a MIN) or, if any such Assignment has not been returned from the applicable public recording office, a copy of such Assignment certified by the Sponsor to be a true and complete copy of the original Assignment submitted to the title insurance company for recording;

(v) the original title insurance policy, or, if such policy has not been issued, any one of an original or a copy of the preliminary title report, title binder or title commitment on the Mortgaged Property with the original policy of the insurance to be delivered promptly following the receipt thereof;

(vi) a copy of the related hazard insurance policy; and

(vii) a true and correct copy of any assumption, modification, consolidation or substitution agreement."

14. In this matter the Assignment Instrument is Null and Void ab initio because the two signers specifically Ms. Kimberly Dawson had no authority to sign instruments for MERS, Inc. or MERSCORP Holdings, Inc. The Individuals under Bank of America, N.A. supervision maintained a "Document Factory", where they signed or executed without verifications or personal knowledge monthly 8000 + instruments (robo signing). Moreover, Ms. Kimberly Dawson knew or must have known that she was not named on or about February 26, 2009 on the MERS Corporate Resolution and therefore, had no "Power of Attorney" from MERS, Inc. and MERSCORP Holdings, Inc. to sign and execute documents.

15. Further, pursuant to MERS, Inc. data for this loan is named Bank of America, N.A. as the Servicer with an address at 7105 Corporate Drive, STOP PTX- C-35, Plano Texas, 75024, where those above named Individuals were working and IMPAC Mortgage Holdings, Inc. as the real Party of Interest and Investor. The MERS, Inc. record is different than the ones from the Assignment and Lis Pendens or state court records. Therefore, there is a broken chain of transfer from the originator to the actual holder or owner. The MERS, Inc. record indicates only Bank of America, N.A. as the servicer and IMPAC Mortgage Holdings, Inc. as the Investor. It does not mention anything regarding Deutsche Bank National Trust Company as the Trustee and IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2006-4. Therefore, the Trust by its Trustee and Depositor cannot rely on MERS Inc. data as substitute for the assignment instrument. Moreover, the assignment instrument is intentionally, fraudulently spoliated by the notary and the two unauthorized signers, then further, the assignment was executed on February 26, 2009 about two year and a half after the trust cut- off date (11/2/2006) and closing date (11/16/2006), in violation of the Pooling and Servicing Agreement and in violation of IRS laws and rules.

16. In addition to all above the alleged Trust through its Trustee Deutsche Bank National Trust Company filed a foreclosure suit in Superior Court of New Jersey, Chancery Division, Case Number F-039480-15. This case is not terminated. To this date this case is stayed, pending a chapter 13 petition filed in the US Bankruptcy Court, District of New Jersey, Case No. 18-13354. Further, the Plaintiff's name in the state foreclosure action and the one on the Proof of Claim is not the same.

17. The Defendants lacked standing to sue in state court, because the Plaintiffs name is not the same as on the Proof of Claim filed in US Bankruptcy Court, District of New Jersey. The same applies regarding to the filing of the Proof of Claim and

Objection to the Chapter 13 Plan. Moreover, MERS, Inc. records indicates another real party of interest in this loan as IMPAC Mortgage Holdings, Inc. not the Trust or Deutsche Bank National Trust Company as the Trustee. In addition, pursuant to the PSA, IMPAC Secured Assets Corporation is the Depositor to themselves to the Pass-Through Certificates, Series 2006-4. This represents clearly a conflict of interest issue.

18. Stern Lavinthal & Frankenberg, LLC., formerly known as Stern Lavinthal Frankenberg & Norgaard, LLC. were the attorney's involved with the drafting of the fraudulent defective assignment document and they must have known or knew already in the previous dismissed foreclosure filings that the title has a broken chain of transfers. In fact, they applied some corrections. Moreover, the attorneys did not notice, that the executors and signers of the assignment did not have authorization to sign the instrument.

19. Stern Eisenberg, LLC., were the attorneys in the latest foreclosure actions failing to verify properly the debt pursuant to the FDCPA Rules and New Jersey Court Rules and failing that the secured creditor's supporting paperwork were correct before filing the foreclosure action Case No. F-13354-15. The state's foreclosure proceeding is stay-ed and the alleged Plaintiff is not in possession of a Final Judgment. Moreover, the attorneys did not notice, that the executors and signers of the assignment did not have authorization to sign the instrument.

20. Frenkel Lambert Weiss Weisman & Gordon, LLP. Are the attorney's which filed without verifications of the supporting documents a Proof of Claim in which the secured creditors name is not the same as used in the states foreclosure actions and other official instruments. Moreover, the attorneys did not notice, that the executors and signers of the assignment did not have authorization to sign the instrument.

14

21. Bank of America, N.A. through the manager of BAC GP, LLC. and BAC Home Loans Servicing, L.P. failed to supervise the operations of loan and other documents and aided individuals to create a "Document Factory", where fraudulent defective and questionable instruments were executed. Further they failed to comply with a Consent Order regarding the execution of instruments as well as take preventive measures regarding notary violations and signers, which are not authorized to execute and sign instruments for MERS, Inc. and MERSCORP Holdings, Inc.

22. Further, there is the Appearance that those signers Ms. Keri Selman, Kimbery Dawson, Azfar Siddiqui, Patricia A. Singletary, Debbie L. Day, Regina MCaninch, Rita Pesina, Melissa Flanagan, Kelly K. Loomis, Liliana Morcan, McCall Bachman, Sophia L. Cummings, and others were not authorized to execute assignment in the name of Bank of America, N.A before March 2, 2010 or MERS, Inc. and MERSCORP Holdings, Inc.

23. Deutsche Bank National Trust Company as trustee under the Pooling and Servicing Agreement relating to IMPAC Secured Assets Corporation and its trust Mortgage Pass-Through Certificates, Series 2006-4 failed to verify, supervise or control the operations of the Depositor, Servicer and further, prevent the deposit of an asset that does not qualify the criteria of Rule 2.1 of the PSA. The Trustee failed also in giving correct true statements to the Internal Revenue Services regarding the asset in the account or on hold for more than 10 years without paying any taxes to the US Government.

24. Deutsche Bank Aktiengesellschaft failed properly to supervise the US operations of Deutsche Bank National Trust Company and their failure as Trustee for trust accounts to abide by the law and the rules of the PSA.

25. This action is brought under the Federal Statute of the False Claims Act, 31 U.S.C. paragraph 3729, because the trust, trustee, Master Servicer, Servicer of this loan

are not paying taxes for defective assets on hold in trust accounts and under 18 U.S.C. Chapter 25, 18 U.S.C. paragraph 473, because of the unauthorized execution and signatures of transfer and other instruments.

26. MERS, Inc. failed to properly supervise the operations of document/instrument execution and permitting unauthorized fraudulent forgeries through robo signers and individuals acting as officers of MERS in the Offices of Bank of America, N.A. and BAC GP, LLC. and BAC Home loan Services, LLC at 7105 Corporate Drive, STOP PTX-C-35, Plano, Texas, 75024 and using the location as a "Document/Instrument Factory".

27. MERSCORP Holdings, Inc. failed to supervise and control the operations of MERS, Inc., which failed to properly supervise the operations of document/instrument execution and permitting unauthorized fraudulent forgeries through robo signers and individuals acting as officers of MERS in the Offices of Bank of America, N.A. and BAC GP, LLC. and BAC Home loan Services, LLC at 7105 Corporate Drive, STOP PTX-C-35, Plano, Texas, 75024 and using the location as a "Document/Instrument Factory".

28. IMPAC Funding Corporation failed pursuant to the PSA and US Tax Code as Servicer to keep a correct and true accounting of this asset, which was and is never a part of asset of this trust. Moreover, another entity claimed also (SPS) to be the Servicer of this asset/loan. Further, the servicer failed to recognize the unauthorized signatures of Kimberly Dawson and Keri Selman on the assignment instrument dated February 26, 2009.

29. On September 28, 2006, Gordon Lawson executed and signed an Adjustable Rate Note in the amount of $ 631,400 in favor of Coast Mortgage Corporation. The Note bears the loan number 05470301 and the MERS Identification Number (MIN) 100399901000095360. **Exhibit A**

30. Because of different Staples and other Marks on the Allonge Instrument vs. the Adjustable Rate Note Instrument indicates, that the Allonge Instrument was added after the execution of the Adjustable Rate Note. The Allonge fails to have Endorsement Dates. It shows that the Instrument was transferred or deposited with the Servicer IMPAC Funding Corporation instead of the Depositor IMPAC Secured Assets Corporation. It is evident that the asset was sitting with the Servicer. **Exhibit B**

31. On September 28, 2006, Gordon Lawson executed and signed a Mortgage in the amount of $ 631,400 in favor of Coast Mortgage Corporation. The Mortgage bears the loan number 05470301 and the MERS Identification Number (MIN) 100399901000095360. **Exhibit C**

32. Pursuant to MERS records, indicates that the Servicer for the Loan is Bank of America, N.A. and the real party of interest and Investor is IMPAC Mortgage Holdings, Inc. **Exhibit D**

33. On February 26, 2009 was executed an Assignment of Mortgage and signed by Keri Selman and Kimberly Dawson for Mortgage Electronic Systems, Inc. The Instrument was notarized by Melissa Planagan. **Exhibit E**

34. The PSA states clearly that the Cut-Off Date is November 1, 2006; the Closing Date November 16, 2006 and further, it states under II 2.1 the requirements for assets being considered an asset of the trust as also to the fact that the delivery of the assets must be made on the Closing Date. **Exhibit F**

35. On the 19th of February 2010 was deposed Renee D. Hertzler a co-employee of Ms. Kimberly Dawson and Keri Selman. She testified regarding a corporate resolution from MERS, Inc./MERSCORP Holdings, Inc. and admitted under oath, that Ms. Kimberly Dawson had no authorization from MERS, Inc. or MERSCORP Holdings, Inc. to sign corporate documents as an officer, therefore the Assignment signed by Kimberly Dawson is Null and Void. **Exhibit G**

36. Further, Ms. Kimberly Dawson, Keri Selman, Renee Hertzler had only since March 2, 2010 the authorization from Bank of America, N.A. to sign official instruments for the corporation. This leads to believe that thousands of documents were executed illegally at that location even for Bank of America, N.A. They maintained a "Document/Instrument Factory". **Exhibit H**

37. A series of instruments executed and signed by Ms. Kimberly Dawson and others indicates fraudulent activities forging falsifying and spoiling instruments. **Exhibit I**

38. Several Documents indicates that the Trust/Secured Creditor changed his name or wordings, which leads to belief of different entities. **Exhibit J**

## *Relief*

Plaintiff herein beliefs, that all Defendants with intent pushed the matters quickly through state foreclosure court and in the Plaintiffs Bankruptcy Case with false forged supporting documents and documents indicating different names of the real party of interest in this loan. Defendants collectively created irreparable harm and damages in the amount of $ 2,500,000

Certification of Closing

Under Federal Rule of Civil Procedures 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery; and  (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Dated: June 21, 2018

Gordon Forster Lawson

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
Alexandria _____ DIVISION

Gordon Forster Lawson
_____
             Plaintiff(s),

        v.

Civil Action Number: 1-18-cv-640

Merscorp Holdings, Inc., et al
_____
             Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of**___Amended Complaint_____.
                                                        **(Title of Document)**

_____
Name of *Pro Se* Party (Print or Type)

Gordon Forster Lawson
_____
Signature of *Pro Se* Party

Executed on: __June 21, 2018_____ (Date)

                    **OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                        **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)