IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

NOV 18 2019

| | |
|---|---|
| GORDON FORSTER LAWSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:18-cv-00640 |
| ) | Hon. Liam O'Grady |
| v. ) | |
| ) | |
| MERSCORP HOLDINGS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's second Motion for Extension of Time. Dkt. 67. Previously, the Court dismissed Plaintiff's Amended Complaint by Orders on September 26, 2018 (Dkt. 23), October 24, 2018 (Dkt. 35), and November 19, 2018 (Dkt. 43). These Orders explained several reasons why the suit was dismissed against various Defendants: improper venue under 28 U.S.C. § 1391(b); insufficient service of process under Federal Rule of Civil Procedure Rule 4; and lack of personal jurisdiction under Virginia's long-arm statute and the United States Constitution. Given these grounds for dismissal, the Court never reached the merits of a Rule 12(b)(6) motion.

To this point in time, the Court has dismissed the Amended Complaint as to eight of the named Defendants. Plaintiff appealed these dismissals to the Fourth Circuit Court of Appeals, where the Appeals Court dismissed all appeals as interlocutory and improper on January 22, 2019. Dkt. 56. The remaining plaintiffs at this point are Kimberly Dawson, Keri Selman, and Stern Lavinthal & Frankenberg LLC. Am. Compl. ¶¶ I, J, K. Plaintiff's most recent efforts to

achieve proper service on Kimberly Dawson and Keri Selman have been unsuccessful. The Court recognizes Plaintiff's effort, but does not believe that any additional time will be fruitful.

"[W]e construe pro se pleadings liberally," but even so, deficiencies identified by the Court in the past persist. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). Venue is arguably still improper in the Eastern District of Virginia for the reasons included in the Court's prior dismissal Orders (Dkts. 23, 35, 43). Regardless, the Court does not believe that the allegations can support a claim under the Federal Claims Act ("FCA"), 31 U.S.C. § 3729. Plaintiff's Amended Complaint (Dkt. 6) states that there is federal question jurisdiction based on Deutsche Bank's involvement in a Pooling and Servicing Agreement to manage secured assets, and its subsequent failure to pay federal taxes. There are insufficient facts to support this claim under Federal Rule of Civil Procedure 8(a) and the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Furthermore, the remaining defendants are too attenuated from the FCA claim for the Court to exercise jurisdiction over them in this matter.

The Court has allowed Plaintiff almost eighteen months to cure the deficiencies in his pleadings, and there is no indication that Plaintiff is likely to prevail on the merits. Upon due consideration, Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE** as to all remaining Defendants. As such, Plaintiff's Motion for Extension of Time is **DENIED**.

The clerk of the Court is hereby **DIRECTED** to mail a copy of this order to Plaintiff.

It is **SO ORDERED**.

November 18, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge